# **EXHIBIT A**

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS                                               SUPERIOR COURT DEPT.
                                                         OF THE TRIAL COURT
                                                         C.A. No.:

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| DAVID HAYES | ) | |
| Plaintiff | ) | |
| v. | ) | **8/12/2021** |
| | ) | |
| | ) | |
| | ) | |
| BNY MELLON, KEITH REALINI and | ) | |
| LAURIE KELLY | ) | |
| Defendants | ) | |
| | ) | |

## COMPLAINT

1.     The Plaintiff, DAVID HAYES ("Plaintiff"), is an individual residing in Melrose, Massachusetts.

2.     The Defendant, BNY MELLON ("Defendant BNY"), is a Massachusetts corporation doing business in the Commonwealth with a principal place of business at One Boston Place, Boston, Massachusetts.

3.     The Defendant, Keith Realini ("Defendant Realini"), is an individual residing at One Boston Place, Boston, Massachusetts, and at all relevant times, was employed by Defendant BNY and served as the Plaintiff's supervisor at Defendant BNY.

4.     The Defendant, Laurie Kelly, ("Defendant Kelly") is an individual residing at One Boston Place, Boston, Massachusetts, and at all relevant times, was employed by Defendant BNY and served as the Plaintiff's supervisor at Defendant BNY.

**FACTS COMMON TO ALL COUNTS**

5.      The Plaintiff refers to the allegations of Paragraphs 1 through 4 and by such reference repleads and incorporates them as though fully set forth here.

6.      The Plaintiff was employed by Defendant BNY since approximately 2002 as a programmer, and performed his work exceptionally well and with efficiency.

7.      During his tenure with Defendant BNY, the Plaintiff, a male employee over the age of 50, discussed his medical conditions with his supervisors, Defendant Keith Realini and Defendant Laurie Kelly, and indeed, since approximately January 1, 2018, Defendant Kelly was specifically aware of the Plaintiff's medical conditions and allowed him to work remotely.

8.      During the last month of Plaintiff's employment with Defendant BNY, however, the Plaintiff's medical conditions grew increasingly worse and the terms and conditions of his employment deteriorated substantially as the Plaintiff shared this development with the Defendants.

9.      During May 2019, the Plaintiff in fact specifically explained to Defendant Realini that he was especially sick.

10.     The Plaintiff explained to him that his medical conditions had been exacerbated and that he had been recently diagnosed with acute hypertension well above any prior experience.

11.     When the Plaintiff discussed the recent developments in his medical conditions with Defendant Realini, the Plaintiff also discussed the possibility of his application for a disability leave and obtaining long term disability benefits.

12.      Indeed, Defendant Realini was aware that the Plaintiff was working with a

counselor to improve his medical conditions. Defendant Realini also asked the Plaintiff to prepare a list of his duties so that another employee could cover his responsibilities.

13.     The following day after this discussion with Defendant Realini, no accommodation or any meaningful interactive dialogue about his medical conditions was provided to Plaintiff but he was told that his employment with Defendant BNY would end.

14.     The Defendant then wrongfully terminated the Plaintiff's employment on or about May 16, 2019.

15.     Just prior to his termination the Plaintiff had also lost access to his laptop computer due to technical issues but Defendant BNY unnecessarily delayed repairing said laptop and impaired Plaintiff's ability to do his work.

16.     During the Plaintiff's tenure, Defendant BNY did not provide the Plaintiff with the resources and other benefits other employees who were under the age of 40 and who were not disabled regularly received.

**COUNT ONE**
**G.L. 151B AND ADA - DISABILITY DISCRIMINATION**
**Plaintiff v. Defendant BNY**

17.     The Plaintiff refers to the allegations of Paragraphs 1 through 16, and by such reference repleads and incorporates them as though fully set forth here.

18.     The conduct of Defendant BNY, as set forth above, constitutes unlawful discrimination against the Plaintiff on the basis of handicap, in violation of G.L. 151B.

19.     As a proximate result of Defendant's conduct, the Plaintiff has suffered and continues to suffer substantial losses in earning, job experience, and other employee benefits that he would have received absent the discrimination.

## COUNT TWO
## G.L. 151B – AGE  DISCRIMINATION
## Plaintiff v. Defendant BNY

20.    The Plaintiff refers to the allegations of Paragraphs 1 through 19, and by such reference repleads and incorporates them as though fully set forth here.

21.    The conduct of Defendant BNY, as set forth above, constitutes unlawful discrimination against the Plaintiff on the basis of age, in violation of G.L. 151B.

22.    Said conduct of Defendant constitutes a violation of public policy.

23.    As a proximate result of Defendant's conduct, the Plaintiff has suffered and continues to suffer substantial losses in earning, job experience, retirement benefits, and other employee benefits that he would have received absent Defendant's discrimination. Furthermore, the Plaintiff has incurred additional costs and expenses due to the Defendant's discrimination.

24.    As a further proximate result of the above-mentioned acts, the Plaintiff has suffered humiliation, mental pain and anguish, all to the Plaintiff's damage.

25.    The above-mentioned acts of Defendant were willful, wanton, malicious, and oppressive, and justify the awarding of exemplary and punitive damages.

## COUNT THREE
## WILLFUL VIOLATION OF THE FAMILY MEDICAL LEAVE ACT (FMLA)
## Plaintiff v. Defendant BNY

4

26.     The Plaintiff refers to the allegations of Paragraphs 1 through 25, and by such

reference repleads and incorporates them as though fully set forth here

27.     The conduct of Defendant BNY, as set forth above, constitutes a violation of the

Family Medical Leave Act.

28.     Said conduct of Defendant constitutes a violation of public policy.

29.     As a proximate result of Defendant's conduct, the Plaintiff has suffered and continues

to suffer substantial losses in earning, job experience, retirement benefits, and other

employee benefits that he would have received absent Defendant's violation.

30.     As a further proximate result of the above-mentioned acts, the Plaintiff has suffered

humiliation,     mental     pain     and     anguish,     all     to     his     damage

31.     The above-mentioned acts of Defendant were willful, wanton, malicious, and

oppressive, and justify the awarding of exemplary and punitive damages.

### COUNT FOUR

### INTENTIONAL INTERFERENCE WITH ADVANTAGEOUS/CONTRACTUAL RELATIONS

### Plaintiff v. Defendants Keith Realini & Laurie Kelly

32.     The Plaintiff refers to the allegations of Paragraphs 1 through 31 and by

such reference repleads and incorporates them as though fully set forth herein.

33.     Defendants Realini and Kelly's conduct, as set forth above, evidenced an

intent to interfere with the  Plaintiff's relationship with Defendant BNY and with

improper motive, did indeed interfere with this relationship.

34.     Additionally, with improper motive and as set forth above, Defendants

Realini and Kelly intentionally interfered with the Plaintiff's relationship with BNY.

35.      These Defendants then terminated the Plaintiff's employment on or about May

16, 2019.

36.      As a direct and proximate result of the acts and omissions of Defendants, the

Plaintiff has been and continues to be damaged in an amount to be determined at trial,

including costs, interest and reasonable attorney's fees.

## COUNT FIVE

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

## Plaintiff v. Defendant Keith Realini and Laurie Kelly

37.      The Plaintiff refers to the allegations of Paragraphs 1 through 36 and by

such reference repleads and incorporates them as though fully set forth herein.

38.      Defendants Realini's and Kelly's conduct evidenced an intent to inflict

emotional distress upon the Plaintiff.

39.      Defendants intentionally inflicted emotional distress upon the Plaintiff,

and such  conduct was extreme and outrageous.

40.      As a direct and proximate result of the acts and omissions of these

Defendants, the Plaintiff has been and continues to be damaged in an amount to be

determined at trial, including costs, interest and reasonable attorney's fees.


WHEREFORE, the Plaintiff demands judgment against the Defendants as follows:

- a.      That actual damages be awarded to the Plaintiff;
- b.      That compensatory damages be awarded to the Plaintiff;
- c.      That punitive fines be assessed against the Defendants;
- d.      That the Plaintiff be awarded the costs of this action;
- e.      Reasonable attorney's fees; and
- f.      Such other and further relief as the court may deem necessary and proper.

Respectfully submitted,
Plaintiff,
DAVID HAYES,
By his attorney,

*Helen G. Litsas*

_____

Helen G. Litsas
BBO#644848
**LAW OFFICE OF HELEN G. LITSAS**
22 Mill Street, Suite 408
Arlington, MA  02476
(781) 646-1518
781) 643-1126
helen@litsaslaw.com